UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARK SERRANO,

                Petitioner,

v.

HAROLD GRAHAM,

                Respondent.

Case No. 14-CV-9627 (KMK) (PED)

ORDER ADOPTING R&R

KENNETH M. KARAS, District Judge:

On December 1, 2014, Petitioner Mark Serrano ("Petitioner"), proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his December 4, 2007 judgment of conviction in New York state court and his term of imprisonment of 50 years to life in prison after being convicted of murder in the first degree, murder in the second degree, arson in the third degree, robbery in the first degree, conspiracy in the fourth degree, perjury in the second degree, and conspiracy in the fifth degree. (Dkt. No. 1.) This petition is the second review of Petitioner's conviction due to an intervening resentencing on February 28, 2012, pursuant to *People v. Sparber*, 889 N.E.2d 459 (N.Y. 2008). (*Id.*)

On January 29, 2018, Magistrate Judge Paul E. Davison entered a thorough Report & Recommendation ("R&R") recommending that this Court deny the petition, (R&R 12 (Dkt. No. 29)), and concurrently denied Petitioner's request to stay to exhaust a previously-unheard ineffective assistance of trial counsel claim, (Order Denying Stay 3 (Dkt. No. 28)). In the R&R, Magistrate Judge Davison provides notice that objections to the R&R were due within 17 days, and that failure to object would preclude later appellate review of any order of judgment that will be entered. (R&R 12–13.) No objections have been filed.

When a petitioner does not file any objections, the Court reviews an R&R for clear error. *See Rose v. Rivera*, No. 08-CV-6027, 2011 WL 3874718, at *1 (S.D.N.Y. Sept. 2, 2011). The Court has reviewed the R&R and finds no error, clear or otherwise.

The Court therefore adopts the R&R in its entirety and denies Petitioner's writ of habeas corpus. Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2); *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111–12 (2d Cir. 2000). In addition, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962) ("We consider a defendant's good faith . . . demonstrated when he seeks appellate review of any issue not frivolous."); *Burda Media Inc. v. Blumenberg*, 731 F. Supp. 2d 321, 322–23 (S.D.N.Y. 2010) (citing *Coppedge* and noting that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith).

The Clerk of Court is respectfully directed to enter a judgment in favor of Respondent and to close this case.

SO ORDERED.

DATED: May 10, 2018
White Plains, New York

KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE